NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD M. GRANADO, | No. C 07-4596 JF (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| vs. | |
| EVANS, Warden, | |
| Respondents. | |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court orders Respondent to show cause why the petition should not be granted.

**STATEMENT**

Petitioner was convicted in Santa Clara County Superior Court of two counts of bank robbery, pursuant to California Penal Code sections 211-212.5(c), and sentence enhancements for prior convictions were found to be true. The trial court sentenced him to a term of 55 years to life in state prison. Petitioner appealed his conviction, and the state appellate court affirmed. His petition for review to the California Supreme Court was denied. Petitioner thereafter filed petitions for a writ of habeas corpus in all three

levels of the California courts, and all three petitions were denied. Finally, petitioner filed the instant federal habeas petition on September 5, 2007.

## DISCUSSION

A.   Standard of Review

A district court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Rose v. Hodges, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

B.   Petitioner's Claim

Petitioner presents the following claims for relief: (1) the trial court denied his Sixth Amendment right to represent himself at trial; (2) he received ineffective assistance of counsel, in violation of his Sixth Amendment rights; and (3) the trial court required him to wear a red jumpsuit at trial, in violation of his rights under the Sixth and Fourteenth Amendments. Liberally construed, Petitioner's claims are sufficient to require a response. The Court orders Respondent to show cause why the petition should not be granted.

## CONCLUSION

1.   The Clerk shall serve by mail a copy of this order and the petition and all attachments thereto upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on the Petitioner.

2.   Respondent shall file with the Court and serve on Petitioner, within **sixty days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are

1  relevant to a determination of the issues presented by the petition.

2        If Petitioner wishes to respond to the answer, he shall do so by filing a traverse
3  with the Court and serving a copy on Respondent within **thirty days** of his receipt of the
4  answer.

5        3.    Respondent may file a motion to dismiss on procedural grounds in lieu of
6  an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules
7  Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file
8  with the court and serve on Respondent an opposition or statement of non-opposition
9  within **thirty days** of receipt of the motion, and Respondent shall file with the Court and
10 serve on Petitioner a reply within **fifteen days** of receipt of any opposition.

11       4.    It is Petitioner's responsibility to prosecute this case. Petitioner must keep
12 the Court and all parties informed of any change of address by filing a separate paper
13 captioned "Notice of Change of Address." Petitioner must comply with the Court's
14 orders in a timely fashion. Failure to do so may result in the dismissal of this action for
15 failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

16       IT IS SO ORDERED.

17 DATED: 2/22/08

                                                  JEREMY FOGEL
                                                  United States District Judge

1  A copy of this ruling was mailed to the following:

3  **Edward M. Granado**
P-47229
4  Salinas Valley State Prison
5  P.O. Box 1050
Soledad, CA 93960-1050