1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  JEFFREY M. LAURENCE, State Bar No. 183595
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5897
    Fax:  (415) 703-1234
8   Email:  Jeff.Laurence@doj.ca.gov

9  Attorneys for Respondent

10              IN THE UNITED STATES DISTRICT COURT

11          FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  **EDWARD M. GRANADO,**                     C07-4596 JF (PR)

14                            Petitioner,     **MOTION TO DISMISS FOR
                                              UNTIMELINESS**
15        v.

16  **MICHAEL EVANS, Warden,**

17                            Respondent.

18

19        Respondent hereby moves to dismiss the petition for writ of habeas corpus for failure to

20  comply with the statute of limitations established by the Antiterrorism and Effective Death Penalty

21  Act (AEDPA) in 28 U.S.C. § 2244(d).

22        A motion to dismiss in lieu of an answer on the merits is proper where the petition is

23  procedurally defective. *See White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989); *O'Bremski v. Maass*,

24  915 F.2d 418, 420 (9th Cir. 1990); Rules Governing 28 U.S.C. § 2254 Cases, Rule 4, and Advisory

25  Committee Notes; *see also Jablon v. Dean Whitter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980) (motion

26  to dismiss proper if time bar is clear from face of complaint).

27        We have not noticed a hearing date because petitioner is an incarcerated state prisoner who

28  is representing himself in this action.

Motion To Dismiss For Untimeliness - C07-4596 JF (PR)

1    **STATEMENT OF THE CASE**

2    On January 24, 2002, petitioner was convicted of two counts of robbery, Cal. Penal Code

3    § 211, and found to have suffered three prior strike convictions, Cal. Penal Code § 1170.12, one

4    prior serious felony, Cal. Penal Code § 667(a), and one prison prior, Cal. Penal Code § 667.5(b).

5    The court sentenced petition to 55 years to life in state prison. (Exh. 1 at 1.)

6    On July 31, 2003, the California Court of Appeal affirmed petitioner's conviction. (Exh.

7    1.) The California Supreme Court denied petitioner's petition for review on October 15, 2003.

8    (Exh. 2.)

9    Petitioner states in his petition that he filed a state habeas petition in the Santa Clara

10   Superior Court, which was denied on February 23, 2004. On April 2, 2004, petitioner filed a habeas

11   petition in the California Court of Appeal, which was denied on April 21, 2004. (Exh. 3.) On

12   October 7, 2004, petitioner filed a habeas petition in the California Supreme Court, which was

13   denied on August 10, 2005. (Exh. 4.)

14   Petitioner filed his first federal habeas petition on June 27, 2006. That petition was

15   dismissed without prejudice. Petitioner filed a new federal habeas petition which he signed on

16   August 28, 2007, and was filed on September 5, 2007. This Court issued an order to show cause to

17   petitioner's second petition on February 22, 2008.

18

19   **ARGUMENT**

20   **THE PETITION IS UNTIMELY**

21   Petitioner's case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

22   ("AEDPA"), which applies to all cases filed after its effective date of April 24, 1996. *Lindh v.*

23   *Murphy*, 521 U.S. 320 (1997). Whereas prior law imposed few meaningful time constraints on the

24   filing of federal habeas petitions, the AEDPA imposes a one-year statute of limitations. 28 U.S.C.

25   § 2244(d). The year commences on the latest of (A) the date on which the judgment became final

26   by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date

27   on which the impediment to filing an application created by State action in violation of the

28   Constitution or laws of the United States is removed, if the applicant was prevent from filing by such

1  State action; (C) the date on which a constitutional right is newly recognized and made retroactively

2  applicable; or (D) the date on which the factual predicate of the claim presented could have been

3  discovered through the exercise of due diligence.  28 U.S.C. § 2244(d)(1).

4  Judged by these principles, and in the absence of any other factual assertion by petitioner,

5  the year in this case commenced on "the date on which the judgment became final by the conclusion

6  of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A).

7  Petitioner's state judgment became final on January 13, 2004, ninety days after review was denied

8  in the California Supreme Court.  *See Bowen v. Roe*, 188 F.3d 1157 (9th Cir. 1999).

9  Petitioner does not identify when he filed his first state habeas petition in the Santa Clara

10  County Superior Court, which tolled the statute of limitations.[1]  However, any tolling ended on

11  August 10, 2005, the date that the California Supreme Court denied the petition for writ of habeas

12  corpus. Exh. 4; *see* Cal. R. Ct., Rule 8.532(b)(2)(C); *Phelps v. Alameda*, 366 F.3d 722, 724 n.1 (9th

13  Cir. 2004).  Moreover, petitioner is not entitled to any tolling for the five and a half months period

14  between the denial of his habeas petition by the California Court of Appeal on April 21, 2004, and

15  his filing of a new habeas petition in the California Supreme Court on October 7, 2004.  *See Evans*

16  *v. Chavis*, 546 U.S. 189, 201 (2006) ("Six months is far longer than the 'short period[s] of time,' 30

17  to 60 days, that most States provide for filing an appeal to the state supreme court"; such a delay is

18  unreasonable and does not toll the statute of limitations).  This untolled gap amounted to 169 days.

19  Accordingly, the statute of limitations expired on February 22, 2006, which was 196 days after the

20  California Supreme Court's denial of his state habeas petition.

21  Petitioner filed the instant petition on September 5, 2007, which was 756 day, roughly a

22

23

24  1.  Respondent is in the process of obtaining this petition from the Santa Clara County
    Superior Court.  However, under the facts of this case, the actual date of the filing of this petition
25  will not affect the resolution of the timeliness issue.  It is apparent that this first petition was filed
    close to the date of finality from the original judgment, namely close to January 13, 2004.  *See* Cal.
26  Rules of Court, rule 4.551(a)(3)(A) (superior court must rule on a habeas petition within 60 days of
    filing).  For the purpose of this motion, we will give petitioner the benefit of the greatest possible
27  tolling and assume that he filed his habeas petition in the Santa Clara County Superior Court prior
    to the date of finality for his direct appeal and thereby tolled the start of the statute of limitations
28  from running until the superior court's denial on February 23, 2004.

Motion To Dismiss For Untimeliness - C07-4596 JF (PR)

3

1    year and a half after the expiration of the statute of limitations.  Consequently, the instant petition

2    must be dismissed as having been filed after the expiration of the statute of limitations.

3            Respondent notes that petitioner filed an earlier federal habeas petition, C06-3968, on June

4    14, 2006, which, according to the Court's docket, was dismissed for failure to pay the filing fee and

5    to comply with the Court's directive that the fee be paid within thirty days of February 14, 2007.

6    Petitioner asserts on the last page of the instant federal habeas petition that his first petition was

7    "dismissed through no fault of my own, C.D.C. did not put my filing fee through on time."  (Pet. at

8    21.)  Petitioner's unsworn statement does not set out good cause for failing to pay the filing fee in

9    conjunction with the petition in June 2006, nor for failing to pay the fee within 60 days of the court's

10    February 14, 2007, order directing that the filing fee be paid.

11            More importantly, petitioner's assertion does not provide a basis for equitable tolling to

12    evade the statute of limitations bar.  First, it is well established that the filing of an earlier federal

13    habeas petition does not toll the statute of limitations.  *See Duncan v. Walker*, 533 U.S. 167, 172

14    (2001).  Second, and more importantly, even if petitioner could demonstrate that he should be

15    excused for failing to timely pay the filing fee in conjunction with his first petition, and carries his

16    burden of proving he should have the benefit of the filing date of that first petition, the first petition

17    itself was also untimely.  That petition was filed on June 14, 2006, four months after the AEDPA

18    statute of limitations expired.  Consequently, petitioner's petition is untimely under any calculation,

19    and his petition must be dismissed as having been filed after the expiration of the statute of

20    limitations.

21

22

23

24

25

26

27

28

1

**CONCLUSION**

2

Respondent respectfully requests that the petition for writ of habeas corpus be dismissed.

3

Dated:  March 19, 2008

4

Respectfully submitted,

5

EDMUND G. BROWN JR.
Attorney General of the State of California

6

DANE R. GILLETTE
Chief Assistant Attorney General

7

GERALD A. ENGLER
Senior Assistant Attorney General

8

PEGGY S. RUFFRA
Supervising Deputy Attorney General

9

10

/S/ Jeffrey M. Laurence

11

12

JEFFREY M. LAURENCE
Deputy Attorney General

13

Attorneys for Respondent

14

40230607.wpd

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Motion To Dismiss For Untimeliness - C07-4596 JF (PR)

# EXHIBIT 1

**COPY**

FILED
SIXTH DIST COURT APPEAL

JUL 31 2003

MICHAEL J. YERLY, CLERK

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 977(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 977(b). This opinion has not been certified for publication or ordered published for purposes of rule 977.

DOCKETED
SAN FRANCISCO

AUG 0 1 2003

By L. CARAMANZANA
No. CF-2002SA1059

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H024633 |
| Plaintiff and Respondent, | (Santa Clara County Superior Court No. CC118496) |
| v. | |
| EDWARD MICHAEL GRANADO, | |
| Defendant and Appellant. | |

_____/

Defendant Edward Michael Granado was charged by information with two counts of robbery (Pen. Code, § 211). The information also alleged that defendant had suffered three prior strike convictions (Pen. Code, § 1170.12) and one prior serious felony conviction (Pen. Code, § 667, subd. (a)), and that he had served one prison prior (Pen. Code, § 667.5, subd. (b)). Defendant waived a jury trial and opted for a court trial. The trial court found defendant guilty of both substantive counts and then found the prior allegations true. Defendant was sentenced to a term of 55 years to life in state prison. On appeal defendant contends the trial court "committed prejudicial error when it denied his constitutional right to represent himself at trial."

/=

## I. Facts

On May 7, 2001 defendant entered the Bank of the West at 3233 Scott Boulevard in Santa Clara and gave a teller a note that said "This is a stick-up." Defendant requested twenties and fifties. He fled, leaving the demand note, after the teller handed over $6,747 in cash. The demand note was recovered and found to bear the fingerprint of defendant.

On July 31, 2001, defendant robbed the same bank branch. Wearing a baseball cap, large sunglasses, and latex gloves, he approached a different teller and handed him a piece of paper towel with "This is a stickup" written on it. When the teller handed over money, defendant whispered, "more hundreds." After the teller met the whispered request, defendant left with $7,144, including some "bait" money.

A witness wrote down the license plate number of defendant's getaway car. Through defendant's parole agent, Santa Clara police officers arranged to be waiting at defendant's residence as he drove up in the getaway car. On his person and in his car defendant had a large amount of cash, including the "bait" bills.

After he was admonished pursuant to *Miranda v. Arizona* (1966) 384 U.S. 436, defendant admitted he had committed the July robbery. He denied the May robbery but was identified as the robber by his fingerprints.

## II. Discussion

Defendant contends the trial court erred in denying his request to represent himself.

Defendant's request to represent himself was made immediately after the trial court indicated its tentative decision to deny defendant's *Marsden* (*People v. Marsden* (1970) 2 Cal.3d 118) motion for substitute counsel. The following colloquy ensued: "The Court: Well, then as far as the [*Marsden*] motion is concerned, then I must deny it. I find no proper grounds for granting a *Marsden* Motion at this point. [¶] The Defendant:

Sir, *if you're not going to dismiss this counsel, I have to change my status to pro per*. I don't – [¶] The Court: You want to go pro per? I think you'll find yourself on the side of disadvantage if you did. I'll ask you again: Do you want to do that? You are facing very serious charges here. [¶] The Defendant: *And the person that's not going to go over my case with me is not going to do any kind of aiding to me.* [¶] The Court: *Unless you tell me definitely that you want to go pro per, I will simply deny the Marsden Motion and go ahead with the trial.* [¶] It's rather late to bring a pro per motion now too because we're about to start the trial. We're bringing a jury in tomorrow and we're taking in limine motions this afternoon. [¶] The prosecutor has appeared so I will deny the motions in this case as not being properly brought without sufficient foundation." (Italics added.)

A criminal defendant has a constitutional right of self-representation. (U.S. Const., 6th Amend.; *Faretta v. California* (1975) 422 U.S. 806, 818-836 (*Faretta*); *People v. Bradford* (1997) 15 Cal.4th 1229, 1365.) However, this right is not self-executing. (*People v. Marshall* (1997) 15 Cal.4th 1, 20.) To invoke the unconditional right of self-representation, a defendant "'must make an unequivocal assertion of that right within a reasonable time prior to the commencement of trial. [Citations.] When a motion for self-representation is not made in a timely fashion prior to trial, self-representation no longer is a matter of right but is subject to the trial court's discretion.' [Citation.]" (*People v. Jenkins* (2000) 22 Cal.4th 900, 959.)

The People argue that the court properly denied defendant's request because his request was neither unequivocal nor timely. We agree that the request was equivocal.

In *People v. Marshall*, *supra*, 15 Cal.4th 1, the California Supreme Court discussed the requirement that a request be unequivocal. It noted that the United States Supreme Court's emphasis that a request be knowing, voluntary, unequivocal, and competent, "suggests that an insincere request or one made under the cloud of emotion may be denied." (*Id.* at p. 21.) In reviewing decisions by lower courts, the

4

*Marshall* court noted that some "have declared that a motion made out of a temporary whim, or out of annoyance or frustration, is not unequivocal—even if the defendant has said he or she seeks self-representation. [Citations.] . . . As one court expressed it, a court 'properly may deny a request for self-representation that is a "momentary caprice or the result of thinking out loud." ' [Citation.]" (*Ibid.*)

For example, the court cited one case, where the trial court responded to the defendant's request by asking whether he was certain he wanted to represent himself. The defendant said he was. "The reviewing court nonetheless found the record as a whole did not reflect an unequivocal request, but rather a spur of the moment decision prompted by the denial of defendant's motion for substitute counsel. [Citation.]" (*People v. Marshall, supra,* 15 Cal.4th at p. 21.) In another case, "the defendant stated: ' "I want to fight it in pro per then. Relieve him and I do this myself." ' The reviewing court considered the record as a whole, including the defendant's failure to assert the right of self-representation at a later hearing, and independently determined that the defendant's request for self-representation was an impulsive response to the trial court's denial of his request for substitute counsel. Examining the question whether the defendant in fact wanted to represent himself, the court stated: '[The defendant's] emotional response when disappointed by the trial court's denial of his motion for substitute counsel did not demonstrate to a reasonable certainty that he in fact wished to represent himself.' [Citation.]" (*Id.* at p. 22.) Moreover, "[s]ome courts have held that vacillation between requests for counsel and for self-representation amounts to equivocation or to waiver or forfeiture of the right of self-representation. [Citations.] And another court has advised that the defendant's conduct, as well as words, must be taken into account, stating: 'Equivocation, which sometimes refers only to speech, is broader in the context of the Sixth Amendment, and takes into account conduct as well as other expressions of intent.' [Citation.]" (*Ibid.*)

The *Marshall* court observed "[m]any courts have explained that a rule requiring the defendant's request for self-representation to be unequivocal is necessary in order to protect the courts against clever defendants who attempt to build reversible error into the record by making an equivocal request for self-representation. Without a requirement that a request for self-representation be unequivocal, such a request could, whether granted or denied, provide a ground for reversal on appeal. This problem has irked many courts, and some of their opinions have given examples of such abuse. [Citations.]" (*People v. Marshall, supra,* 15 Cal.4th at p. 22.)

The *Marshall* court shared this concern that requests could become vehicles for manipulation and abuse. (*People v. Marshall, supra,* 15 Cal.4th at p. 22.) "It is not only the stability of judgments that is at stake, however, when we require a defendant to make an unequivocal request for self-representation. The defendant's constitutional right to the effective assistance of counsel also is at stake—a right that secures the protection of many other constitutional rights as well. [Citations.] The high court has instructed that courts must draw every inference against supposing that the defendant wishes to waive the right to counsel. [Citation.] It follows, as several courts have concluded, that in order to protect the fundamental constitutional right to counsel, one of the trial court's tasks when confronted with a motion for self-representation is to determine whether the defendant truly desires to represent himself or herself. [Citations.] . . . The court faced with a motion for self-representation should evaluate not only whether the defendant has stated the motion clearly, but also the defendant's conduct and other words. Because the court should draw every reasonable inference against waiver of the right to counsel, the defendant's conduct or words reflecting ambivalence about self-representation may support the court's decision to deny the defendant's motion. A motion for self-representation made in passing anger or frustration, an ambivalent motion, or one made for the purpose of delay or to frustrate the orderly administration of justice may be denied." (*Id.* at pp. 22-23.)

_____

Mihara, J.


WE CONCUR:



_____

Elia, Acting P.J.



_____

Wunderlich, J.




*People v. Granado*
H024633

# EXHIBIT 2

# CALIFORNIA APPELLATE COURTS
### Case Information



**Supreme Court**

| Supreme Court |
| Welcome |
| Search |
| E-mail |
| Calendar |
| Help |
| Opinions |

Change court ▼

**Attention: Supreme Court database and email registration will be offline from 6:00PM Friday, March 14 to 6:00AM Monday, March 17 for server maintenance. Your patience is appreciated.**

Court data last updated: 03/14/2008 10:53 AM

**Case Summary    Docket    Briefs**
**Disposition    Parties and Attorneys    Lower Court**

## Docket (Register of Actions)

**PEOPLE v. GRANADO**
**Case Number S118704**

| Date | Description | Notes |
|------|-------------|-------|
| 09/03/2003 | Petition for review filed | by counsel for defendant and appellant (Edward Michael Granado) |
| 09/03/2003 | Record requested | |
| 09/05/2003 | Received Court of Appeal record | file jacket/briefs/transcripts |
| 10/15/2003 | Petition for review denied | Baxter, J., was absent and did not participate. |

**Click here to request automatic e-mail notifications about this case.**

©2007 Judicial Council of California

# EXHIBIT 3

# CALIFORNIA APPELLATE COURTS

### Case Information




| Welcome | **6th Appellate District** | Change court |
|---|---|---|

Search

E-mail

Calendar

Help

Opinions

**Attention: 6th District Court of Appeal database and email registration will be offline from 6:00PM Friday, March 14 to 6:00AM Monday, March 17 for server maintenance. Your patience is appreciated.**

Court data last updated: 03/14/2008 10:05 AM



home

    <u>**Case Summary**</u>   <u>**Docket**</u>   <u>**Scheduled Actions**</u>   <u>**Briefs**</u>
    <u>**Disposition**</u>   <u>**Parties and Attorneys**</u>   <u>**Trial Court**</u>

## Docket (Register of Actions)

**Granado on Habeas Corpus**
**Case Number** <u>H027267</u>

| Date | Description | Notes |
|---|---|---|
| 04/02/2004 | Petition for a writ of habeas corpus filed. | |
| 04/21/2004 | Case fully briefed. | |
| 04/21/2004 | Order denying petition filed. | The petition for writ of habeas corpus is denied. (clr, emp, fde) |
| 04/21/2004 | Case complete. | |
| 06/22/2004 | Record purged - to be shipped to state records center. | |

<u>**Click here**</u> **to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

# EXHIBIT 4

# CALIFORNIA APPELLATE COURTS



### Case Information

Supreme
Court

Welcome

Search

E-mail

Calendar

Help

Opinions

## Supreme Court

Change court 

**Attention: Supreme Court database and email registration will be offline from 6:00PM Friday, March 14 to 6:00AM Monday, March 17 for server maintenance. Your patience is appreciated.**

Court data last updated: 03/14/2008 10:53 AM



**Case Summary   Docket   Briefs**
**Disposition   Parties and Attorneys   Lower Court**



home

## Docket (Register of Actions)

### GRANADO (EDWARD M.) ON H.C.
### Case Number S128317

| Date | Description | Notes |
|------|-------------|-------|
| 10/07/2004 | Petition for writ of habeas corpus filed | By petitioner in pro per |
| 08/10/2005 | Petition for writ of habeas corpus denied | Werdegar, J., was absent and did not participate. |

**Click here to request automatic e-mail notifications about this case.**

© 2007 Judicial Council of California

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   *Granado v. Evans*

No.:   **C 07-4596 JF (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On March 19, 2008, I served the attached **MOTION TO DISMISS FOR UNTIMELINESS** by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

**Edward M. Granado**
**P-47229**
**Pleasant Valley State Prison**
**P.O. Box 8501**
**A4-129**
**Coalinga, CA 93210**

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on March 19, 2008, at San Francisco, California.

| Susan Chiang | Signature |
| --- | --- |
| Declarant | |

40230839.wpd