NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDWARD M. GRANADO, | ) | No. C 07-04596 JF (PR) |
| Petitioner, | ) ) ) | ORDER GRANTING MOTION TO DISMISS |
| vs. | ) ) ) | |
| EVANS, Warden, | ) ) | |
| Respondents. | ) ) ) | (Docket Nos. 4, 8 & 9) |

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely (Docket No. 4). Petitioner's motion for leave to file opposition (Docket No. 8) is GRANTED. Petitioner's motion for ruling (Docket No. 9) is DENIED as moot. For the reasons discussed below, the Court grants Respondent's motion to dismiss the petition as untimely.

**BACKGROUND**

On January 24, 2002, Petitioner was convicted in Santa Clara County Superior Court of two counts of bank robbery, pursuant to California Penal Code sections 211-

212.5(c), and sentence enhancements for prior convictions were found to be true. The trial court sentenced Petitioner to a term of 55 years to life in state prison. Petitioner appealed his conviction, and the state appellate court affirmed. His petition for review to the California Supreme Court was denied on October 15, 2003. Petitioner thereafter filed petitions for a writ of habeas corpus in all three levels of the California courts, and all three petitions were denied, including the California Supreme Court's denial on August 10, 2005. Petitioner filed the instant federal habeas petition on September 5, 2007.

## DISCUSSION

A.   A.   <u>Standard of Review</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitation on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. <u>Id.</u> § 2244(d)(2).

A state prisoner with a conviction finalized after April 24, 1996, as in the case of Petitioner, ordinarily must file his federal habeas petition within one year of the date his process of direct review came to an end. See <u>Calderon v. United States District Court (Beeler)</u>, 128 F.3d 1283, 1286 (9th Cir. 1997), <u>overruled in part on other grounds by Calderon v. United States District Court (Kelly)</u>, 163 F.3d 530 (9th Cir. 1998) (en banc).

The one-year period generally will run from "the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

"Direct review" includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court, whether or not the petitioner actually files such a petition. Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Accordingly, if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review); Bowen, 188 F.3d at 1159 (same). As the Eighth Circuit put it: "[T]he running of the statute of limitations imposed by § 2244(d)(1)(A) is triggered by either (i) the conclusion of all direct criminal appeals in the state system, followed by either the completion or denial of certiorari proceedings before the United States Supreme Court; or (ii) if certiorari was not sought, then by the conclusion of all direct criminal appeals in the state system followed by the expiration of the time allotted for filing a petition for the writ." Smith v. Bowersox, 159 F.3d 345, 348 (8th Cir. 1998), cert. denied, 525 U.S. 1187 (1999).

Since Petitioner did not file a petition for certiorari, his conviction became final ninety days after the California Supreme Court denied review on October 15, 2003, *i.e.*, on January 13, 2004. Absent tolling, Petitioner had one year, *i.e.*, until January 13, 2005, to file a federal habeas petition. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (calculating AEDPA's one-year limitation period according to Federal Rule of Civil Procedure 6(a)). The instant petition was not filed until August 28, 2007, however. It is untimely unless the limitation period was tolled for a substantial period of time.

B.   Statutory Tolling

Section 2244(d)(2) tolls the one-year limitation period for the "time during which a

properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).  The circumstances under which a state petition will be deemed "pending" for purposes of § 2244(d)(2) is a question of federal law.  Welch v. Carey, 350 F.3d 1079, 1080 (9th Cir. 2003) (en banc).  An application for collateral review is "pending" in state court "as long as the ordinary state collateral review process is 'in continuance' – i.e., 'until the completion of' that process."  Carey v. Saffold, 536 U.S. 214, 219-20 (2002).  In other words, until the application has achieved final resolution through the State's post-conviction procedures, by definition it remains "pending."  Id. at 220.  In California, this means that the statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge, as long as the petitioner did not "unreasonably delay" in seeking review.  Id. at 221-23.  However, if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap.  See Delhomme v. Ramirez, 340 F.3d 817, 821 (9th Cir.2003); Biggs v. Duncan, 339 F.3d at 1046-47, 1048 (9th Cir. 2003).

      Petitioner sought collateral review by filing habeas petitions in the state courts.  Although the actual date of the filing of the first petition in state superior court is not available, Respondent is willing to give Petitioner the benefit of the greatest possible tolling and assumes that Petitioner filed his habeas petition in state superior court prior to the date of finality for his direct appeal, thereby tolling the start of the statute of limitations from running until the superior court's denial on February 23, 2004.  (Resp't Mot. at 3, note 1.)  Respondent does not contest that the limitations period was tolled while Petitioner's habeas petition was pending in the California Court of Appeal until April 21, 2004, when the state appellate court denied review.  However, Respondent argues that Petitioner is not entitled to any "gap tolling" for the 169 days, or five and a half months, between the denial of his habeas petition by the California Court of Appeal on April 21, 2004 and his filing of a new habeas petition in the California Supreme Court

Order Granting Motion to Dismiss
P:\PRO-SE\SJ.JF\HC.07\Granado596_grant-mtd (untimely).wpd         4

on October 7, 2004.  See Delhomme, 340 F.3d at 821.  The Court agrees that this five and a half months period is "far longer" than the 30 to 60 days "that most states provide for filing an appeal," and is thus not a "reasonable" delay within the meaning of Carey's definition of the term "pending."  Evans v. Chavis, 126 S. Ct. 846, 852 (2006) (finding six-month delay did not fall within Carey's definition of "pending").  Therefore, Petitioner had 196 days remaining on his limitations period, *i.e.*, until February 22, 2006, to file a timely federal habeas petition after the state high court denied review.  However, Petitioner did not file his first federal habeas petition, Case No. 06-03968 JF (PR), until June 27, 2006, which was 125 days after the limitations period had expired on February 22, 2006.

   Petitioner argues in his opposition that his first federal habeas petition was dismissed through no fault of his own.  To whatever extent Petitioner is arguing for equitable tolling, this claim has no merit.  First of all, the period of limitation is not tolled during the time Petitioner's first federal habeas petitioner was filed, *i.e.*, from June 27, 2006, until it was dismissed on April 16, 2007.  An application for federal habeas corpus review is not an "application for State post-conviction or other collateral review" within the meaning of § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167, 180-81 (2001).  Thus, the running of the limitation period is not tolled for the period during which a petition is pending in federal court.  Id. at 181.  Most importantly, Petitioner's first federal habeas petition was filed *after* the limitation period had already expired as discussed above.  Accordingly, Petitioner has set forth no basis to justify that an "extraordinary exclusion" should apply to him to save the instant petition from being untimely.  Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002) (petitioner bears burden of showing that equitable tolling should apply to him).

   In sum, with statutory tolling, Petitioner had until February 22, 2006 to file a timely federal habeas petition.  Petitioner filed the instant petition on August 28, 2007, which is eighteen months after the statute of limitations had expired.  Accordingly, the instant second federal petition is untimely.

1

## CONCLUSION

2   For the foregoing reasons, respondent's motion to dismiss the petition as untimely
3   (Docket No. 4) is GRANTED.
4   This order terminates Docket Nos. 4, 8 and 9.
5   IT IS SO ORDERED.
6   DATED: __2/23/09_____   _____
7                                       JEREMY FOGEL
                                        United States District Judge

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28